

U.S. Department of Justice

*United States Attorney*
*District of Maryland*

*James I. Hammond*  *36 South Charles Street*  DIRECT: *410-209-4952*
*Assistant United States Attorney*  *Suite 400*  MAIN: *410-209-4800*
*james.hammond@usdoj.gov*  *Baltimore, MD 21201-3119*

May 8, 2025

The Honorable Matthew J. Maddox
United States District Judge
United States District Court for the District of Maryland
101 West Lombard Street
Baltimore, Maryland 21201

      Re:    ***United States v. Benji Shannon*, Criminal Case No. MJM-23-093**

Dear Judge Maddox:

      The Government submits this sentencing memorandum in advance of the sentencing in the above-captioned matter, currently scheduled for May 22, 2025, at 2:00 p.m. Benji Shannon ("Defendant") plead guilty to Count One of the Indictment in this case on April 10, 2025, charging him with possession of a firearm and ammunition by a prohibited person, in violation of 18 U.S.C. § 922(g)(1), pursuant to an agreement governed by Rule 11(c)(1)(C).

      The parties have agreed to a sentence of 60 months of imprisonment in the custody of the Bureau of Prisons to run consecutively to any and all other sentences the Defendant is serving, including a sentence of two years the Defendant received on April 14, 2025, for a violation of probation in the Circuit Court for Baltimore City in State of Maryland v. Benji Shannon, criminal case number 120295017

      As set forth more fully below, the Government requests that the Court accept the Rule 11(c)(1)(C) agreement of the parties and sentence the Defendant to 60 months consecutive to any other sentence. This sentence is sufficient, but not greater than necessary to achieve the purposes of sentencing under 18 U.S.C. § 3553(a).

### Sentencing Guidelines Calculation

      The Presentence Investigation Report ("PSR") finds, and the parties agree, that the Defendant's base offense level is 22 pursuant to United States Sentencing Guidelines ("U.S.S.G.") § 2K2.1(a)(3) because the Defendant committed the instant offense subsequent to sustaining one felony conviction of either a crime of violence or a controlled substance offense, and the instant offense involved a semiautomatic firearm that is capable of accepting a large capacity magazine. There is a 4-level increase pursuant to § 2K2.1(b)(6)(B) because the Defendant used or possessed the firearm or ammunition in connection with another felony offense. Additionally, the Defendant

accepted responsibility for his misconduct and accordingly the Government does not oppose a 2-level reduction in the Defendant's adjusted offense level pursuant to § 3E1.1(a). The Government also anticipates moving at sentencing pursuant to § 3E1.1(b) for an additional 1-level decrease in recognition of the Defendant's timely notification of the Defendant's intention to enter a plea of guilty. Therefore, the parties find that the final adjusted offense level should be 23, which the PSR reflects. The PSR also found, and the Government agrees, that the Defendant's criminal history category is III based on six points.

The applicable guideline range for this offense level and criminal history is 57 to 71 months. This range considers the Defendant's criminal history and his conduct in this case. As noted in the plea agreement, the parties jointly recommend a 60-month sentence to run consecutive to the Defendant's other sentence. As further discussed below, the Government believes that the recommend c-plea sentence satisfies § 3553(a).

### Factors Set Forth in 18 U.S.C. § 3553(a)

The Government believes the following 3553(a) factors are most relevant in this case:

I.    <u>The Nature and Circumstances of the Offense (a)(1)</u>

The crime is serious. The Defendant was selling drugs in North Baltimore while armed with a loaded firearm and additional drum-style high-capacity magazine, further fueling the misery inflicted on communities from the violence and loss of life associated with drug dealing. Although the Defendant has taken responsibility for his actions, there is no doubt drug trafficking is dangerous. The Defendant exposed the public and himself to grave harm by engaging in the trade. As such, the Government believes that a total sentence of 60 months imprisonment is warranted and sufficient.

II.   <u>The History and Characteristics of the Defendant (a)(1)</u>

The Defendant is a criminal history category III based six points. The Defendant has four prior convictions before he committed the instant offense, mostly for similar conduct. The Defendant entered the criminal justice system at age ten when he committed a theft and was placed on probation to the Department of Juvenile Services ("DJS"). At age 12 he committed a felony controlled substance offense and was again placed on probation to DJS. Despite intervention by DJS with services at such a young age, the Defendant's criminality continued.

At age 16, the Defendant participated in a shooting with other coconspirators where the victim was shot five times. Miraculously the victim survived. The Defendant received a sentence of five years for first-degree assault and use of the handgun in the commission of a crime of violence. At age 24, the Defendant was convicted of another felony controlled substance offense and was sentenced to a 10-year suspended sentence and placed on supervised probation. The Defendant was on supervised probation in that case when he committed the instant offense.

The prior conduct of the Defendant coupled with his conduct in this case while on supervised probation is a dangerous combination indicating a risk to the public for future crimes.

Given the aggravating factors of the offense and the Defendant's criminal conduct to date, a total sentence of 60 months consecutive is appropriate and is sufficient to obtain the objectives of 18 U.S.C. § 3553(a).

III.   <u>The Need for the Sentence Imposed to Reflect the Seriousness of the Offense, to Promote Respect for the Law, to Provide Just Punishment for the Offense, to Afford Adequate Deterrence to Criminal Conduct and to Protect the Public from Further Crimes of the Defendant (a)(2)</u>

A case like this one requires a sentence that will reflect the seriousness of the offense, deter crimes by other potential offenders and this Defendant, and protect the public from future crimes by the Defendant. As such, the Defendant should receive a substantial sentence. While the Defendant's conduct, in combination with his character and history, is adequately reflected by a total sentence of 60 months imprisonment, such a sentence is also sufficient to provide both a general deterrent and specific deterrent effect, as well as to protect the public.

### Pretrial Credit Calculation

The Defendant was arrested and charged by state authorities for the conduct at issue in this case on November 18, 2022, and detained pending trial. On December 9, 2022, the Defendant was served with a state violation of probation warrant. The Defendant was indicted federally on March 15, 2023, and a federal detainer was lodged against the Defendant, who was in primary state custody at the time for his pending violation of probation. The Defendant was brought to federal court for his initial appearance and arraignment on April 10, 2023, then returned to primary state custody where he remained pending trial in this case.

On April 10, 2025, the Defendant plead guilty in this case. On April 14, 2025, the Defendant admitted to violating his state probation and received a sentence of two years of incarceration to begin running on December 9, 2022. The Defendant was then released to federal custody since he had already served his two-year sentence in pretrial detention. However, pretrial credit remains owed to the Defendant.

To the Government's knowledge, the time the Defendant spent in pretrial custody from November 18, 2022, through December 8, 2022, "has not been credited against another sentence." 18 U.S.C. § 3585(b). As such, it should be applied to this sentence. Additionally, at a minimum, credit from December 9, 2024, through his eventual arrival at the Bureau of Prisons should be applied towards this sentence. However, the Government requests the Court indicate in the recommendation section of the Judgement and Commitment Order for BOP to apply any pretrial credit that was not credited towards the Defendant's state sentence in criminal case number 120295017 as the Government believes the state may apply less than 730 days of credit to the Defendant's two-year sentence.

### Conclusion

Considering all of the factors set forth above, the Government asks that the Court accept the Federal Rule of Criminal Procedure 11(c)(1)(C) plea agreement and sentence the Defendant to

60 months imprisonment to run consecutively to any other sentence he is serving. While a 60-month sentence on the lower end of the recommended sentencing guidelines range in this case, the aggregate sentence of seven years would be sufficient but not greater than necessary to accomplish the purposes of sentencing under the § 3553(a) factors, particularly when the categorical approach "tanks the guidelines," and would represent a just sentence to account for the Defendant's actions.

The Government thanks the Court for its consideration of this matter.

                                            Respectfully submitted,

                                            Kelly O. Hayes
                                            United States Attorney

                                            _____/S/_____
                         By:   James I. Hammond
                              Assistant United States Attorney

cc:    David Walsh-Little, Esq.
       Paige Cameron, USPO